IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE CO., INC., an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> PANTHER WHOLESALE, INC., an Illinois corporation, <br><br> Defendant. | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Illinois Tamale Co., Inc. (hereinafter "Plaintiff" or "ILTACO"), by and through undersigned counsel, for its Complaint against Defendant, Panther Wholesale, Inc. (hereinafter "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff ILTACO is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business at 1376 West Hubbard, Chicago, Illinois 60642.

2. Since 1927, ILTACO has manufactured, distributed, and sold a variety of processed and frozen food products at retail and wholesale.

3. Since 1976, ILTACO has manufactured, distributed, and sold hand-held dough pockets filled with meat, cheese, and sauce under the names Pizza Puff and Pizza Puffs.

4. On information and belief, Defendant is an Illinois corporation with its principal place of business at 14550 Park Avenue, Dolton, IL 60419, and is engaged in sales, marketing, and distribution of food products through its independently owned franchises known as Sharks Fish & Chicken in Illinois and other states, including Wisconsin and Indiana.

## STATUTORY BASIS, JURISDICTION AND VENUE

5. This is an action for federal trademark infringement, unfair competition, passing off, false advertising, and false designation of origin under the Lanham Act, 15 U.S.C. §1125(a); federal counterfeiting under the Lanham Act, 15 U.S.C. § 1114(1)(b); and Illinois unfair competition, false designation of origin, passing off, and false advertising under 815 ILCS 510/1 et seq., all arising from Defendant's unauthorized advertising and use of ILTACO's trademark and trade name "Pizza Puff" or "Pizza Puffs" for products not manufactured, sold, supplied, or produced by ILTACO.

6. Plaintiff seeks injunctive relief, an award of profits and actual damages, and statutory damages, among other remedies, for Defendant's unlawful conduct.

7. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and the pendent jurisdiction of this court.

8. Defendant is subject to personal jurisdiction in this judicial district because it is located within this judicial district and is committing one or more of the acts complained of herein within this state and judicial district by advertising, selling, or offering for sale, and causing others under its control to advertise, sell, or offer for sale, products in the form of hand-held dough pockets filled with meat, cheese, and sauce as a "Pizza Puff" or "Pizza Puffs," despite such products not being manufactured, sold, supplied or produced by ILTACO.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events complained of occurred in this district, Defendant has knowingly committed tortious acts aimed at and causing harm in this state and district, and Defendant is subject to personal jurisdiction herein. Moreover, the damage to Plaintiff ILTACO and its Mark described herein has occurred and continues to occur in this judicial district.

## BACKGROUND FACTS

### A. Plaintiff's Business and Marks

10. ILTACO is a family owned and run frozen food manufacturing company in Chicago, specializing in the manufacture, distribution, and sale of ethnic foods. Since 1927, ILTACO has offered an array of ethnic foods, including tamales, burritos, and pizzas.

11. Since at least as early as October 17, 1976, ILTACO has continuously used the mark PIZZA PUFFS (the "Mark") in interstate commerce in connection with its stuffed dough pocket product filled with pizza flavorings.

12. For over 20 years, ILTACO has included a superscript "TM" or "®" by its "Pizza Puff" or "Pizza Puffs" marks to indicate that those names are its trademarks.

13. ILTACO owns incontestable United States Trademark Registration No. 3,628,959, issued May 26, 2009, for PIZZA PUFFS (the "Registration"), covering the following goods:

> Food package combinations consisting primarily of cheese, meat, vegetables; processed vegetables; frozen entrees consisting primarily of meat, cheese or vegetables; prepared entrees consisting primarily of meat, cheese or vegetables; packaged entrees consisting primarily of meat, cheese or vegetables, frozen meat; in International Class 29.
>
> Processed foods, namely, Italian style burritos; dough-based pockets with filling consisting primarily of meats, vegetables, and/or cheese; dough enclosed sandwich with fillings of cheese, sausage, pepperoni, beef, ground beef, pork, peppers, tomato sauce, and/or vegetables, namely, spinach, tomatoes, peppers, onions, and/or mushrooms; fillings of meat, cheese, sauce, vegetables and/or seasonings encased in dough; burritos; pastries; pasties filled with meat, vegetables, and/or cheese; dough enrobed stuffed sandwiches; tarts; ready to heat pasties and tarts for preparation in a toaster, deep fryer, frying pan, microwave or oven; handheld toaster pastries; microwave pastries; stuffed sandwiches comprised of fillings enrobed in pastry or dough; sandwiches; meat pies; in International Class 30.

14. ILTACO has complied with the provisions of 15 U.S.C. § 1065 for its PIZZA PUFFS Mark, which has become incontestable thereunder. A copy of the registration certificate

and the Notice of Acceptance and Acknowledgement of the Declaration of Use and Incontestability are attached hereto as Exhibit A.

15. Since 1976, ILTACO has expended considerable time, resources and effort in developing and promoting its Pizza Puff product sold with the PIZZA PUFFS Mark throughout the United States. For example, ILTACO's Pizza Puff products sold with the PIZZA PUFFS Mark are available (among other places) at Walmart, Jewel, Roundy's/Mariano's, Walgreens, Piggly Wiggly, GFS MarketPlace, Food 4 Less, Restaurant Depot, Target, Hyvee, Woodmans, Sysco, US Foods, Greco, Panos, Kronos, Corfu, Mclane, HT Hackney, PDQ, and Strack and Van Til.

16. ILTACO's Pizza Puff products sold with the PIZZA PUFFS Mark are also available in numerous individual restaurants, including a large number in Chicago and the surrounding areas.

17. Through its marketing and advertising, ILTACO has developed substantial recognition and goodwill among the public and the trade throughout the United States and has developed significant intellectual property rights and asset value in its Mark.

18. ILTACO's Pizza Puff products sold with the PIZZA PUFFS Mark product has been credited in the media as being invented by ILTACO. See Ex. B.

19. ILTACO's Pizza Puff products sold with the PIZZA PUFFS Mark has been recognized as the only legitimate manufacturer of the Pizza Puff. See Ex. C.

20. ILTACO's Pizza Puff products sold with the PIZZA PUFFS Mark is recognized in the media as an iconic Chicago food. See Exs. B, C.

21. ILTACO annually derives substantial income from the sale of its Pizza Puff products sold with the PIZZA PUFFS Mark.

B.  **Defendant's Business and Unlawful Actions**

22. On information and belief, Defendant was founded on or about September 2011.

23. Defendant is a wholesale restaurant food supplier that also operates a network of individually owned franchises operating under the name Sharks Fish & Chicken.

24. On information and belief, Defendant is responsible for and supplies all signage, menu displays, packaging, advertising, and products sold by its franchises.

25. Defendant has previously purchased ILTACO's Pizza Puffs product, and on information and belief, is aware of ILTACO's Pizza Puffs Mark and Registration.

26. Defendant, through its franchises, supplies, distributes, markets, advertises, and sells food to end consumers including, dough pockets filled with meats, cheese and sauce, which are described on the franchise menus and flyers as a "Pizza Puff" or "Pizza Puffs" despite such products not being ILTACO's Pizza Puffs product. See Ex. D.

27. On information and belief, Defendant's franchises operate in at least Illinois, Wisconsin, and Indiana.

28. By way of example, Sharks Fish & Chicken, located at 5653 N 76th St, Milwaukee, WI, is a franchise of Defendant, and markets and advertises on its menu a hand-held filled dough pocket product as a "Pizza Puff" or "Pizza Puffs."

29. The products being sold by Sharks Fish & Chicken, located at 5653 N 76th St, Milwaukee, WI are not the ILTACO Pizza Puffs.

30. By way of example, Sharks Fish & Chicken, located at 608 S 5th Ave, Maywood, IL, is a franchise of Defendant, and markets and advertises on its menu a hand-held filled dough pocket product as a "Pizza Puff" or "Pizza Puffs."

31. The products being sold by Sharks Fish & Chicken, located at 608 S 5th Ave, Maywood, IL, are not the ILTACO Pizza Puffs.

32. By way of example, Sharks Fish & Chicken, located at 8712 S. Cicero Ave., Oak Lawn, IL, is a franchise of Defendant, and markets and advertises on its menu a hand-held filled dough pocket product as a "Pizza Puff" or "Pizza Puffs." See Ex. D.

33. The products being sold by Sharks Fish & Chicken, located at 8712 S. Cicero Ave., Oak Lawn, IL, are not the ILTACO Pizza Puffs.

34. By way of example, Sharks Fish & Chicken, located at 2560 Garfield St. Gary, IN, is a franchise of Defendant, and markets and advertises on its menu a hand-held filled dough pocket product as a "Pizza Puff" or "Pizza Puffs."

35. The products being sold by Sharks Fish & Chicken, located at 2560 Garfield St. Gary, IN, are not the ILTACO Pizza Puffs.

36. Products being supplied by Defendant to its franchises, including the aforementioned, and sold to end consumers as a "Pizza Puff" or "Pizza Puffs" are actually a product manufactured and sold by a company known as El-Greg, Inc. as "Pizza Pies."

37. Plaintiff has no control over the quality, taste, or health-safety of the El-Greg "Pizza Pies," and therefore has been deprived of control over Defendant's products being sold as a "Pizza Puff" or "Pizza Puffs."

38. Defendant was aware of ILTACO's PIZZA PUFFS Mark prior to placing the words "pizza puff" or "pizza puffs" on menus and flyers for its franchises.

39. Like the ILTACO Pizza Puff, the El-Greg "Pizza Pie" is a hand-held dough pocket filled with meats, cheese and sauce.

6

40. The El-Greg "Pizza Pie" being sold at Defendant's franchises is a similar type of product as ILTACO's Pizza Puff sold under the PIZZA PUFFS Mark.

41. The El-Greg "Pizza Pie" product being sold at Defendant's franchises is visually not distinguishable from the ILTACO "Pizza Puff" product to end consumers.

42. The El-Greg "Pizza Pie" product being sold at Defendant's franchises is less expensive at wholesale than the ILTACO "Pizza Puff" is at wholesale.

43. Defendant's franchises are similar types of establishments to some establishments that sell ILTACO's Pizza Puffs with the PIZZA PUFFS Mark.

44. The degree of care likely to be used by consumers of Defendant's products is low.

45. Defendant's use of the words "Pizza Puff" or "Pizza Puffs" is identical in appearance and suggestion as ILTACO's PIZZA PUFFS Mark.

46. Defendant is aware that the products it purchases from El-Greg are not ILTACO's Pizza Puffs product sold under the PIZZA PUFFS Mark.

47. On information and belief, Defendant controls what products are supplied to its franchises, including the El-Greg Pizza Pie product.

48. On information and belief, Defendant supplies its franchises only the El-Greg "Pizza Pies."

49. On information and belief, Defendant supplies its franchises with El-Greg "Pizza Pies" because they are less expensive than ILTACO's Pizza Puffs at wholesale.

50. On information and belief, Defendant instructs its franchises, including the aforementioned, to sell the El-Greg "Pizza Pies" as a "Pizza Puff" or "Pizza Puffs."

51. Defendant is not authorized by ILTACO to sell the El-Greg pizza pies as a "Pizza Puff" or "Pizza Puffs."

52. Defendant is not authorized by ILTACO to instruct its franchises, including the aforementioned, to sell any El-Greg product as a "Pizza Puff" or "Pizza Puffs."

53. On information and belief, Defendant instructs its franchises, including the aforementioned, to sell the El-Greg "Pizza Pies" as a "Pizza Puff" or "Pizza Puffs" with the intent that its franchises' customers will believe they are purchasing an ILTACO Pizza Puff.

54. On information and belief, Defendant provides at least some of its franchises with ILTACO Pizza Puffs wrappers and instructs its franchises to place El-Greg "Pizza Pies" in those wrappers before giving them to consumers.

## Count I: Federal Trademark Infringement (15 U.S.C. § 1051 et Seq.)

55. Plaintiff ILTACO re-alleges and incorporates by reference paragraphs 1-54 of its Complaint as if fully set forth herein.

56. This Count I is based on infringement of a trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 *et seq*. Defendant's unauthorized use of the marks "Pizza Puff" or "Pizza Puffs" for its products is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendant's goods with ILTACO, or as to the sponsorship, approval or affiliation of Defendant by or with ILTACO, in violation of 15 U.S.C. § 1114.

57. Prior to Defendant's adoption and use of "Pizza Puff" or "Pizza Puffs", it had actual or constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of ILTACO's PIZZA PUFF Mark and Registration, and ILTACO's exclusive rights therein.

58. Defendant's actions therefore constitute willful infringement of ILTACO's registered PIZZA PUFF Mark and make this an exceptional case under 15 U.S.C. § 1117(a).

8

59. As a result of Defendant's willful infringement of ILTACO's PIZZA PUFF Mark, ILTACO has been, is now, and will continue to be damaged and irreparably harmed and thus ILTACO has no adequate remedy at law.

60. Defendant will continue such infringement unless enjoined by this Court. ILTACO is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## Count II: Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising (15 U.S.C. § 1125(a))

61. For its Count II, ILTACO realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 60 of this Complaint.

62. The PIZZA PUFFS Mark, as used by ILTACO and in connection with providing goods and services related to ILTACO's products are distinctive marks and have become associated with ILTACO, and thus exclusively identify ILTACO's business, products and services.

63. Because of Defendant's franchises' use of the words "Pizza Puff" or "Pizza Puffs," consumers are deceptively led to believe that Defendant's franchises are selling the ILTACO Pizza Puff, or that Defendants' franchises are otherwise authorized to use ILTACO's PIZZA PUFFS Mark, or will cause consumers to believe that ILTACO's PIZZA PUFFS Mark is generic, thus destroying the goodwill and value ILTACO has built with its Mark and products.

64. The foregoing acts and conduct by Defendant constitutes false designation of origin, passing off, and false advertising in connection with the products and services distributed in interstate commerce, in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Defendant's acts, as set forth hereinabove, have caused irreparable injury to ILTACO's goodwill and reputation.

66. The injury to ILTACO is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate ILTACO for its injuries and ILTACO lacks an adequate remedy at law.

67. Defendant will continue such infringement unless enjoined by this Court. ILTACO is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

### Count III – Federal Counterfeiting (15 U.S.C. § 1114(1)(b))

68. For its Count III ILTACO re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 67 of this Complaint.

69. Based on the foregoing above-described actions, Defendant reproduced, counterfeited, copied, or colorably imitated ILTACO's PIZZA PUFFS Mark on labels, signs, prints, or advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of stuffed dough pockets filled with pizza fillings, and instructed its franchises to place the El-Greg products in ILTACO wrappers supplied by Defendant.

70. Defendant's signs and advertisements with the words "Pizza Puff" or "Pizza Puffs" are counterfeit marks.

71. Defendant is aware that the products it supplies to its franchises are not ILTACO's Pizza Puffs.

72. Defendant is aware that the products it supplies to its franchises are El-Greg's Pizza Pies.

73. Defendant's acts are likely to cause confusion, mistake, or deceive consumers.

74. Defendant's acts are committed with knowledge that its use of "Pizza Puff" or "Pizza Puffs" to advertise and sell El-Greg's Pizza Pies as a "Pizza Puff" or "Pizza Puffs" may cause confusion, mistake, or deceive consumers. Defendant's acts, as set forth hereinabove, have caused irreparable injury to ILTACO's goodwill and reputation.

75. The injury to ILTACO is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate ILTACO for its injuries and ILTACO lacks an adequate remedy at law.

76. Defendant will continue such infringement unless enjoined by this Court. ILTACO is entitled to a permanent injunction against Defendant, as well as all other remedies available, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, statutory damages, and costs and attorneys' fees.

### Count IV – Illinois Unfair Competition, False Designation of Origin, Passing Off and False Advertising (815 ILCS 510/1 et seq.)

77. For its Count IV ILTACO re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 76 of this Complaint.

78. Based on the foregoing above-described actions, Defendant engaged in the issuance of statements and representations concerning its products that were untrue and that Defendant knew were untrue.

79. Defendant's false statements were made with the intent of misleading and deceiving customers so as to induce them to purchase products from Defendant's franchises.

80. The misleading and fraudulent promotion and use by Defendant and its franchises of ILTACO's PIZZA PUFFS Mark, including wrapping El-Greg products in ILTACO wrappers, resulted in sales to customers of El-Greg's Pizza Pies products under the guise of such products being ILTACO's Pizza Puffs product.

81. Defendant's franchises' use of "Pizza Puff" or "Pizza Puffs" to describe El-Greg's Pizza Pies products is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of the products sold.

82. Defendant's franchises' advertisement of products as "Pizza Puff" or "Pizza Puffs" is with the intent not to sell the products advertised, since they are not ILTACO's Pizza Puffs products sold with the PIZZA PUFFS Mark.

83. Defendant's franchises' use of "Pizza Puff" or "Pizza Puffs" to sell El-Greg's Pizza Pies product is with full knowledge that the products are not ILTACO's Pizza Puffs product, and Defendant willfully engaged in such deceptive trade practice.

84. The injury to ILTACO is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate ILTACO for its injuries and ILTACO lacks an adequate remedy at law.

85. Defendant will continue such infringement unless enjoined by this Court. ILTACO is entitled to a permanent injunction against Defendant, as well as all other remedies available, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

WHEREFORE, Plaintiff ILTACO prays for an order and judgment against Defendant:

A. that Defendant has infringed ILTACO's PIZZA PUFFS Mark;

B.   that Defendant has unfairly competed by passing off El-Greg Pizza Pies as ILTACO Pizza Puffs;

C.   that Defendant has advertised and marketed El-Greg Pizza Pies with a counterfeit mark;

D.   preliminarily and permanently restraining and enjoining Defendant, its directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, franchises, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further passing off of products, including:

(1)   reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Defendant's business without the consent of Plaintiff, the words "Pizza Puff" or "Pizza Puffs," exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks;  or "Puff" or "Puffs" exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks on products similar to Plaintiff's Pizza Puff products;

(2)   using in any way in connection with Defendant's business any other mark, designation or term so similar to Plaintiff's PIZZA PUFF Mark as to be likely to cause confusion, or to cause mistake, or to deceive;

(3)   injuring Plaintiff's business reputation and the goodwill associated with plaintiff's PIZZA PUFFS Mark, and from otherwise unfairly competing, directly or indirectly with Plaintiff; and

(4)   causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by Plaintiff, or

13

engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct that tends to pass off products or services as those of Plaintiff or creates a likelihood of confusion or misunderstanding or false representation;

C. ordering Defendant to account for and pay to Plaintiff its actual damages by reason of Defendant's unfair competition, and to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant from its infringement, unfair competition, counterfeiting, and other unlawful acts, and such other damages as appear proper to the Court;

D. ordering Defendant to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, computer files (including but not limited to any text and/or images that are hosted on defendant's web site(s) or social media sites, or on any of Defendant's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its franchise's or agents, that bear the mark "Pizza Puff" or "Pizza Puffs";

E. that Plaintiff recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Plaintiff's damages, whichever is greater;

F. that Plaintiff recover statutory damages for Defendant's use of counterfeit marks as provided for by 15 U.S. Code § 1117(c);

G. that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and order to reimburse ILTACO for its reasonable attorneys' fees;

      H.      that Plaintiff be awarded exemplary damages for Defendant's willful and intentional acts;

      I.      that Plaintiff recover its costs of suit; and

      J.      that Plaintiff be granted and awarded such other and further relief as this Court deems appropriate for which it may be entitled.

Dated: June 1, 2017

Respectfully submitted,

s/ Joseph M. Kuo
Judith L. Grubner – ARDC No. 6180359
Joseph M. Kuo – ARDC No. 6216400
Eugene J. Geekie, Jr.– ARDC No. 6195060
Kevin H. Morse – ARDC No. 6297244
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Ste. 1200
Chicago, IL  60606
Telephone:   (312) 876-7100
Facsimile:    (312) 876-0288
E-mail:  jlgrubner@arnstein.com

*Counsel for Plaintiff*
*Illinois Tamale Co., Inc.*